# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KLAVDYA BEZGLASNAYA

## DEFENDANTS
TRUMP ENTERTAINMENT RESORTS, INC., TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P., TRUMP TAJ MAHAL ASSOCIATES, LLC d/b/a TRUMP TAJ MAHAL CASINO RESORT, TRUMP ENTERTAINMENT RESORTS DEVELOPMENT COMPANY, LLC, THCR MANAGEMENT SERVICES, LLC

**(b)** County of Residence of First Listed Plaintiff: **KINGS COUNTY**
County of Residence of First Listed Defendant: **ATLANTIC COUNTY**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys:
Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP    egoldis@feldmanshepherd.com
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103 (215-567-8300)

Attorneys (If Known):
Elizabeth A. Chalik, Esquire
Marks O'Neil O'Brien & Courtney
1800 JFK Blvd, Suite 1900
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine — **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations — **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights — ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1332
Brief description of cause: Personal injury caused by condition of defendants' property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER
Explanation:

DATE: 1-31-11
SIGNATURE OF ATTORNEY OF RECORD: /s/ Edward S. Goldis

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| KLAVDYA BEZGLASNAYA<br>    Plaintiff<br><br>        vs.<br><br>TRUMP ENTERTAINMENT RESORTS, INC.<br>    and<br>TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P.<br>    and<br>TRUMP TAJ MAHAL ASSOCIATES, LLC<br>d/b/a TRUMP TAJ MAHAL CASINO RESORT<br>    and<br>TRUMP ENTERTAINMENT RESORTS<br>DEVELOPMENT COMPANY, LLC<br>    and<br>THCR MANAGEMENT SERVICES, LLC<br>    Defendants. | Civil Action No.:<br><br>***JURY TRIAL DEMANDED*** |

## COMPLAINT IN CIVIL ACTION

**I.    PARTIES**

1.    Plaintiff, Klavdya Bezglasnaya, is a citizen and resident of the State of New York, residing therein at 2958 West 8th Street, Apt. 3L, Brooklyn, NY 11224.

2.    Defendant Trump Entertainment Resorts, Inc. is a Delaware Corporation with a registered agent for service and process c/o Robert M. Pickus, 15 South Pennsylvania Avenue, Atlantic City, New Jersey, 08401.

3.    Defendant Trump Entertainment Resorts Holdings, L.P. is a Delaware Limited Partnership with a registered agent for service and process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

4.    Defendant Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort is a Domestic Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

5.    Defendant Trump Entertainment Resorts Development Company, LLC is a business

entity with an address for service of process at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

6. Defendant THCR Management Services, LLC is a Delaware Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

7. Defendants Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort, Trump Entertainment Resorts Development Company, LLC, and THCR Management Services, LLC are hereinafter collectively referred to as the "Trump defendants."

8. At all times relevant hereto, the Trump defendants owned, operated, maintained and controlled a hotel and casino in Atlantic City, New Jersey, which was open to the public.

9. At all times relevant hereto, the Trump defendants regularly conducted business in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

## II. JURISDICTION

10. Jurisdiction is founded upon diversity of citizenship. Plaintiff is a citizen of the State of New York and the defendants are citizens of the State of New Jersey and/or Delaware. The matter in controversy, exclusive of interests and costs, exceeds the sum specified in 28 U.S.C. § 1332.

## III. FACTS

11. On August 22, 2009, plaintiff was a business invitee and paying guest of the Trump defendants.

12. On the aforesaid date, plaintiff decided to dine at the Sultan Buffet, located at the Trump Taj Mahal Casino Resort.

13. Between approximately 8:30 and 9:00 p.m., plaintiff and her family entered the Sultan Buffet and followed a waiter who was leading them to their table.

14. As plaintiff followed the waiter across a large tiled floor near the buffet, plaintiff slipped and fell, striking her body against the tile floor.

15. After she fell, plaintiff and others noticed a greasy or oily liquid substance on the tile floor which had caused plaintiff to fall.

### COUNT ONE - NEGLIGENCE

16. At all times relevant hereto, the Trump defendants had a non-delegable duty to provide safe and secure facilities for plaintiff and other patrons of the Trump defendants.

17. The Trump defendants knew or by using reasonable care would have discovered the conditions which caused plaintiff to fall, and should have realized that the conditions involved an unreasonable risk of harm to invitees, licensees and plaintiff, in particular.

18. Plaintiff did not know or have reason to know of the conditions or the risk of the conditions.

19. The Trump defendants knew or should have expected that invitees, licensees and plaintiff, in particular, would not discover or realize the danger or would fail to protect themselves from the danger.

20. The Trump defendants, individually and through their actual and/or ostensible agents, servants, and/or employees, were negligent, careless and breached their duty of care generally and in the following particular respects:

    a. creating a dangerous condition of the premises;

    b. maintaining a dangerous condition of the premises;

    c. failing to warn the plaintiff of a dangerous condition of the premises;

    d. failing to use reasonable care in the maintenance and use of the premises;

    e. failing to use reasonable care to protect plaintiff from foreseeable harm;

f.  failing to inspect the premises and discover the dangerous condition;

g.  failing to realize the condition involved unreasonable risk of harm to plaintiff;

h.  failing to properly inspect the floor in the Sultan Buffet;

i.  failing to properly maintain the floor in the Sultan Buffet;

j.  failing to properly supervise the inspection, maintenance, and cleaning of the floor in the Sultan Buffet;

k.  failing to detect and identify liquid on the floor in the Sultan Buffet;

l.  failing to prevent liquid from accumulating on the floor;

m.  failing to clean up the liquid and/or failing to clean up the liquid in a timely manner;

n.  failing to inspect and clean the floor;

o.  failing to create, implement and enforce proper policies and procedures for the inspection, maintenance and cleaning of the floor;

p.  failing to comply with policies and procedures for the inspection, maintenance and cleaning of the floor;

q.  failing to comply with industry standards and practices for the inspection, maintenance and cleaning of the floor;

r.  failing to contact the janitorial department to notify it of the liquid on the floor;

s.  failing to close the Sultan Buffet until the liquid was cleaned up;

t.  failing to use "hazard" cones and/or other devices to warn of the dangerous condition;

u.  failing to provide adequate and sufficient lighting in the Sultan Buffet;

v.  failing to select, install and maintain the proper color or shade of flooring in the Sultan Buffet; and

w.  failing to select, install and maintain the proper slip-resistant or less slippery flooring material in the Sultan Buffet.

21. As a result of the incident described herein, plaintiff Klavdya Bezglasnaya was caused to sustain serious personal injuries and necessary medical treatment, including, but not limited to: a right hip fracture, right hip replacement, an inpatient hospitalization, contusions, significant decreased range of motion of the right hip secondary to pain, and intensive physical therapy and treatment. Further, plaintiff Klavdya Bezglasnaya may require ongoing medical care including future surgical intervention.

22. As a further result of the incident, plaintiff has incurred substantial expenses for medical care and treatment, and she will continue to incur such expenses for the rest of her life.

23. As a further result of the incident, plaintiff has suffered a loss of her earnings and earning capacity, and she will continue to suffer such loss for the rest of her life.

24. As a further result of the incident, plaintiff has suffered a diminution in her ability to enjoy the ordinary pleasures of life, and she will continue to suffer such loss for the rest of her life.

25. As a further result of the incident, plaintiff has experienced severe physical and emotional pain and suffering, and she will continue to suffer same for the rest of her life.

WHEREFORE, plaintiff, Klavdya Bezglasnaya, demands judgment in her favor and against the Trump defendants for an amount in excess of the jurisdictional limit for arbitration together with interest and costs.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG

/s/ *Edward S. Goldis*

Date: January 31, 2011

Daniel J. Mann
Edward S. Goldis
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300
Attorneys for Plaintiff