UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN

KLAVDYA BEZGLASNAYA
    Plaintiff

vs.

TRUMP ENTERTAINMENT RESORTS, INC.
    and
TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P.
    and
TRUMP TAJ MAHAL ASSOCIATES, LLC
d/b/a TRUMP TAJ MAHAL CASINO RESORT
    and
TRUMP ENTERTAINMENT RESORTS
DEVELOPMENT COMPANY, LLC
    and
THCR MANAGEMENT SERVICES, LLC
    Defendants.

1:11-cv-00564-JEI -JS:

*JURY TRIAL DEMANDED*

STIPULATION OF CONSENT TO FILE AMENDED COMPLAINT PURSUANT TO F.R.C.P. 15(a)(2)

It is hereby STIPULATED and AGREED that pursuant to Federal Rule of Civil Procedure 15(a)(2), counsel for the defendants consents to the filing of an Amended Complaint in the form attached hereto as Exhibit "A."

FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK & DODIG, LLP

COOPER LEVENSON

_/s/ Daniel J. Mann_

Daniel J. Mann, Esquire
Edward S. Goldis, Esquire
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
Attorneys for Plaintiff

_/s/ William Davis_

William Davis, Esquire
1125 Atlantic Avenue
Atlantic City, NJ 08401
Attorney for Defendants

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| KLAVDYA BEZGLASNAYA<br>Plaintiff<br><br>vs.<br><br>TRUMP ENTERTAINMENT RESORTS, INC.<br>and<br>TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P.<br>and<br>TRUMP TAJ MAHAL ASSOCIATES, LLC<br>d/b/a TRUMP TAJ MAHAL CASINO RESORT<br>and<br>TRUMP ENTERTAINMENT RESORTS<br>DEVELOPMENT COMPANY, LLC<br>and<br>THCR MANAGEMENT SERVICES, LLC<br>and<br>JOHN DOE NOS. 1-50<br>Defendants. | 1:11-cv-00564-JEI -JS:<br><br>***JURY TRIAL DEMANDED***<br><br>**AMENDED COMPLAINT WITH JURY DEMAND** |

### I.    PARTIES

1.    Plaintiff, Klavdya Bezglasnaya, is a citizen and resident of the State of New York, residing therein at 2958 West 8th Street, Apt. 3L, Brooklyn, NY 11224.

2.    Defendant Trump Entertainment Resorts, Inc. is a Delaware Corporation with a registered agent for service and process c/o Robert M. Pickus, 15 South Pennsylvania Avenue, Atlantic City, New Jersey, 08401.

3.    Defendant Trump Entertainment Resorts Holdings, L.P. is a Delaware Limited Partnership with a registered agent for service and process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

4.    Defendant Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort is a Domestic Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

5.    Defendant Trump Entertainment Resorts Development Company, LLC is a business

entity with an address for service of process at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

6. Defendant THCR Management Services, LLC is a Delaware Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

7. Defendants Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort, Trump Entertainment Resorts Development Company, LLC, and THCR Management Services, LLC are hereinafter collectively referred to as the "Trump defendants."

8. At all times relevant hereto, the Trump defendants owned, operated, maintained and controlled a hotel and casino in Atlantic City, New Jersey, which was open to the public.

9. Defendants John Does Nos. 1 through 50 inclusive are fictitious names for individuals or entities including but not limited to corporations, partnerships, joint ventures, associations or other forms of public or private entities, including business entities, whose identities are presently unknown, but who at all times relevant hereto participated in the acts, omissions and/or breaches of duty described herein, including the management, inspection, maintenance and/or cleaning of the premises that are the subject of this action, as well as in creating, maintaining and/or failing to warn of the dangerous condition of the premises.

10. The Trump defendants and John Doe Nos. 1-50 are hereinafter collectively referred to as "the defendants."

## II. JURISDICTION

11. Jurisdiction is founded upon diversity of citizenship. Plaintiff is a citizen of the State of New York and the defendants are citizens of the State of New Jersey and/or Delaware. The matter in controversy, exclusive of interests and costs, exceeds the sum specified in 28 U.S.C. § 1332.

### III.   FACTS

12.   On August 22, 2009, plaintiff was a business invitee and paying guest of the Trump defendants.

13.   On the aforesaid date, plaintiff decided to dine at the Sultan Buffet, located at the Trump Taj Mahal Casino Resort.

14.   Between approximately 8:30 and 9:00 p.m., plaintiff and her family entered the Sultan Buffet and followed a waiter who was leading them to their table. As plaintiff followed the waiter across a large tiled floor near the buffet, plaintiff slipped and fell, striking her body against the tile floor.

15.   After she fell, plaintiff and others noticed a greasy or oily liquid substance on the tile floor which had caused plaintiff to fall.

### COUNT ONE - NEGLIGENCE

16.   At all times relevant hereto, the defendants had a non-delegable duty to provide safe and secure facilities for plaintiff and other patrons of the Trump defendants.

17.   The defendants knew or by using reasonable care would have discovered the conditions which caused plaintiff to fall, and should have realized that the conditions involved an unreasonable risk of harm to invitees, licensees and plaintiff, in particular.

18.   Plaintiff did not know or have reason to know of the conditions or the risk of the conditions.

19.   The defendants knew or should have expected that invitees, licensees and plaintiff, in particular, would not discover or realize the danger or would fail to protect themselves from the danger.

20.   The defendants, individually and through their actual and/or ostensible agents,

servants, and/or employees, were negligent, careless and breached their duty of care generally and in the following particular respects:

    a.    creating a dangerous condition of the premises;

    b.    maintaining a dangerous condition of the premises;

    c.    failing to warn the plaintiff of a dangerous condition of the premises;

    d.    failing to use reasonable care in the maintenance and use of the premises;

    e.    failing to use reasonable care to protect plaintiff from foreseeable harm;

    f.    failing to inspect the premises and discover the dangerous condition;

    g.    failing to realize the condition involved unreasonable risk of harm to plaintiff;

    h.    failing to properly inspect the floor in the Sultan Buffet;

    i.    failing to properly maintain the floor in the Sultan Buffet;

    j.    failing to properly supervise the inspection, maintenance, and cleaning of the floor in the Sultan Buffet;

    k.    failing to detect and identify liquid on the floor in the Sultan Buffet;

    l.    failing to prevent liquid from accumulating on the floor;

    m.    failing to clean up the liquid and/or failing to clean up the liquid in a timely manner;

    n.    failing to inspect and clean the floor;

    o.    failing to create, implement and enforce proper policies and procedures for the inspection, maintenance and cleaning of the floor;

    p.    failing to comply with policies and procedures for the inspection, maintenance and cleaning of the floor;

    q.    failing to comply with industry standards and practices for the inspection, maintenance and cleaning of the floor;

    r.    failing to contact the janitorial department to notify it of the liquid on the floor;

s.  failing to close the Sultan Buffet until the liquid was cleaned up;

t.  failing to use "hazard" cones and/or other devices to warn of the dangerous condition;

u.  failing to provide adequate and sufficient lighting in the Sultan Buffet;

v.  failing to select, install and maintain the proper color or shade of flooring in the Sultan Buffet; and

w.  failing to select, install and maintain the proper slip-resistant or less slippery flooring material in the Sultan Buffet.

21.  As a result of the incident described herein, plaintiff Klavdya Bezglasnaya was caused to sustain serious personal injuries and necessary medical treatment, including, but not limited to: a right hip fracture, right hip replacement, an inpatient hospitalization, contusions, significant decreased range of motion of the right hip secondary to pain, and intensive physical therapy and treatment. Further, plaintiff Klavdya Bezglasnaya may require ongoing medical care including future surgical intervention.

22.  As a further result of the incident, plaintiff has incurred substantial expenses for medical care and treatment, and she will continue to incur such expenses for the rest of her life.

23.  As a further result of the incident, plaintiff has suffered a loss of her earnings and earning capacity, and she will continue to suffer such loss for the rest of her life.

24.  As a further result of the incident, plaintiff has suffered a diminution in her ability to enjoy the ordinary pleasures of life, and she will continue to suffer such loss for the rest of her life.

25.  As a further result of the incident, plaintiff has experienced severe physical and emotional pain and suffering, and she will continue to suffer same for the rest of her life.

WHEREFORE, plaintiff, Klavdya Bezglasnaya, demands judgment in her favor and against all defendants for an amount in excess of the jurisdictional limit for arbitration together with interest and costs.

## JURY DEMAND

Trial by jury is demanded as to all issues set forth herein.

                                                  FELDMAN SHEPHERD WOHLGELERNTER
                                                  TANNER WEINSTOCK & DODIG, LLP

                                                  /s/ *Edward S. Goldis*

Date:   August 18, 2011                  Daniel J. Mann
                                                  Edward S. Goldis
                                                  1845 Walnut Street, 25th Floor
                                                  Philadelphia, PA 19103
                                                  215-567-8300
                                                  Attorneys for Plaintiff